FILED
IN CLERKS OFFICE
2005 FEB -3 P 12: 25
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,

    Plaintiffs

vs.

G. CONWAY, INC.,

    Defendant

and

BOWDOIN CONSTRUCTION CORP.,

    Reach-and-Apply Defendant

and

FLEET BANK,

    Trustee

C.A. No. 05-10072 JLT

## AMENDED COMPLAINT

### NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145, by employee benefit plans to enforce the obligations to make contributions to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.  The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.  Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.  Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.  Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.  Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

7. Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9. Defendant G. Conway, Inc. (hereinafter "Conway" or "the Employer") is a Massachusetts corporation with a principal place of business at 380R Rutherford Avenue, Charlestown, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10. Reach-and-Apply Defendant Bowdoin Construction Corp. (hereinafter "Bowdoin") is a Massachusetts corporation with a principal place of business at 220-1 Reservoir Street, Needham Heights, Massachusetts. Upon information and belief, Conway has been working as a subcontractor to Bowdoin on recent projects. The Funds have a legal or equitable interest in any payments due Conway from Bowdoin for work conducted on these projects.

11. Fleet Bank is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

12. On or about May 13, 1980, defendant Conway agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of Conway's signed agreement ("short form agreement") is attached hereto as Exhibit A.

3

13. Because of the short form agreement, Conway has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2004 through May, 2007 ("Agreement").

14. The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

15. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-14 supra.

16. In or about October, 2004, an auditor employed by Plaintiff Funds conducted an audit of Conway's books and records.

17. The Funds' auditor determined that Conway owed the Funds $70,749.97 in unpaid contributions for the period June through August, 2004, together with $1,361.89 in underpayments and interest on late paid contributions.

18. On or about November 10, 2004, counsel for Plaintiff Funds sent Conway a letter which requested that the audit balance and all additional contributions and interest be paid.

19. Conway did not respond to this letter.

20. To date, though Conway has made some payments toward its overall delinquency amount, Conway has failed and refused to pay the Funds the $32,749.97 in contributions due for

the period June through August, 2004 and may be liable for additional obligations incurred thereafter.

21.    The failure of Conway to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

22.    Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit and refuse to submit Remittance Reports and pay contributions now due and owing, and the Funds and their participants will be irreparably damaged.

23.    A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - REACH-AND-APPLY AGAINST BOWDOIN CONSTRUCTION CORP.

24.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 23 above.

25.    Upon information and belief, Conway has been working as a subcontractor to Bowdoin on recent projects. The Funds have a legal or equitable interest in any payments due Conway from Bowdoin for work conducted on these projects.

26.    Further, there is no known insurance available to satisfy the judgment the Funds will obtain against Conway.

27.    The funds held by Bowdoin cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Conway held by Fleet Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of defendant Conway;

c. Order defendant Conway to make available to Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations for the period September, 2004 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions;

d. Enter a preliminary and permanent injunction enjoining Conway from refusing or failing to make contributions to Plaintiff Funds and from refusing or failing to permit Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

e. Enter judgment in favor of the Plaintiff Funds in the amount of $32,749.97 plus any additional amounts determined by the Court to be owed by Conway or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

f. Enter a temporary restraining order against Bowdoin and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with them and

those persons acting at their command who receive actual notices of this order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to Conway on account of sums that are due or will hereafter become due Conway from Bowdoin;

    g.    After notice and a hearing, enter an Order containing prayer 'f' or entering prayer 'f' as a preliminary injunction; and

    h.    Such further and other relief as this Court deem appropriate.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: February 2, 2005

GAG/gag&ts
6306 04-479/complt-amend.doc

Case 1:05-cv-10072-MEL    Document 4    Filed 02/03/2005    Page 8 of 10

# Massachusetts Laborers' District Council Agreement

## ACCEPTANCE OF AGREEMENTS

## and

## DECLARATION OF TRUST

The Undersigned Employer has read and hereby approves the following Agreement: by and between the ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS, INC., the BUILDING TRADES EMPLOYERS' ASSOCIATION OF BOSTON AND EASTERN MASSACHUSETTS, INC., and the MASSACHUSETTS LABORERS' DISTRICT COUNCIL on behalf of its affiliates of the LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, said Agreement being effective from June 4, 1979 to April 30, 1981; the undersigned Employer has read and hereby approves the following Agreements: by and between the GENERAL CONTRACTORS' ASSOCIATION OF PITTSFIELD, MASSACHUSETTS, INC., by and between the LABOR RELATIONS DIVISION OF THE CONSTRUCTION INDUSTRIES OF MASSACHUSETTS, INC., by and between the MASTER PLASTERERS' ASSOCIATION OF BOSTON AND VICINITY, by and between the CONSTRUCTION INDUSTRIES ASSOCIATION OF WESTERN MASSACHUSETTS, INC., by and between the FOUNDATION AND MARINE CONTRACTORS' ASSOCIATION OF NEW ENGLAND, INC., and the MASSACHUSETTS LABORERS' DISTRICT COUNCIL on behalf of its affiliates of the LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, all said Agreements being effective from June 4, 1979 to May 31, 1981; and any successor agreements between the parties and herewith accepts the same and becomes one of the parties thereto and agrees to abide by all its terms and conditions.

The life of these Agreements is to be co-extensive with the terms set out or as they shall be set out from time to time in the aforementioned collective bargaining Agreements with the above-named Associations and shall continue in effect unless the Employer gives the union notice of desired change or termination of a particular collective bargaining Agreement in keeping with the applicable notice provisions contained therein.

The said Agreements provide among other conditions, contributions to the MASSACHUSETTS STATEWIDE LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS STATEWIDE LABORERS' PENSION FUND, NEW ENGLAND LABORERS' TRAINING FUND and MASSACHUSETTS STATEWIDE LEGAL SERVICE FUND and the Employer agrees to be bound by

the foregoing Agreements and Declaration of Trust and hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are named in said Agreements as Employer Trustees together with their successors selected in the manner provided within said Agreements and agrees to be bound by all actions taken by said Employer Trustees pursuant to the said Agreements and Declaration of Trust and agrees that it may be sued by any of said Funds, or the Trustees thereof, for non-payment of contributions or non-performance of its obligations thereunder.

The said Agreements further require contributions to the CONSTRUCTION INDUSTRIES OF MASSACHUSETTS ADVANCEMENT FUND, the WESTERN MASSACHUSETTS INDUSTRY ADVANCEMENT FUND and the MASSACHUSETTS CONSTRUCTION ADVANCEMENT PROGRAM, as applicable, for their Association Industry Programs and payment to the MASSACHUSETTS LABORERS' DISTRICT COUNCIL of union dues deducted from net pay in accordance with the voluntary written authorization of employees. The Employer agrees that it may be sued by said Associations or by the District Council, as appropriate, for non-compliance with or non-performance of said obligations.

The instrument shall be binding upon the Employer named herein, and its' successors and assigns, and no provisions contained or incorporated herein shall be nullified or affected in any manner as a result of any consolidations, sale, transfer, assignment, joint venture or any combination or other disposition of the undersigned Employer.

DATE: 5-13-80          7255

| Union Witness to Employer's Signature: | Employer: |
|---|---|
| _John Emerson_ | _G. Conway_ |
| Name and Title | Company Name (Please print or type) |
| _Local 429_ | _G. Conway_ |
| Affiliation (Council or Local Union, etc.) | Name & Title of Authorized Representative (Please print or type) |
| _165 Market St._ | _[signature]_ |
| Address | Signature of Authorized Representative |
| _Lowell, Mass._ | Place of Business Address: _380 R_ |
| City / State | _Rutherford Ave Charlestown Ma._ |
| | Mailing Address (if different): _P/o 273_ |
| | Telephone Number: _242-2051_ |

Please forward one (1) executed copy to:

Massachusetts Laborers' District Council
674 Waverly Street, Framingham, Mass. 01701