UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,<br>　　　　　Plaintiffs<br><br>vs.<br><br>G. CONWAY, INC.,<br>　　　　　Defendant<br><br>and<br><br>BOWDOIN CONSTRUCTION CORP.,<br>　　　　　Reach-and-Apply Defendant<br><br>and<br><br>FLEET,<br>　　　　　Trustee | C.A. No. 05-10072 MEL |

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Upon the Complaint and Exhibits attached thereto and the Affidavits and Memorandum in support of their Motion for Preliminary Injunction, the Plaintiff Trustees, pursuant to §502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a)(3), and Rule 65(a), Federal Rules of Civil Procedure, respectfully request this Court to enter a Preliminary Injunction enjoining reach-and-apply defendant Bowdoin Construction Corp. ("Bowdoin"), and its agents, servants, employees, attorneys, and upon those persons in active

participation or concert with it and those persons acting at its command who receive actual notices of a Preliminary Injunction order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to defendant G. Conway, Inc. ("Conway") on account of sums that are due or will hereafter become due Conway from Bowdoin.

    As grounds therefore, plaintiffs state as follows:

1)    Based on the foregoing Complaint, Exhibits and Affidavit, plaintiffs have exhibited a likelihood of success on the merits;

2)    The reach-and-apply defendant's secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to defendant Conway on account of sums that are due or will hereafter become due Conway from Bowdoin will result in irreparable injury, loss and damage to the plaintiffs;

3)    The issuance of a preliminary injunction herein will not cause undue inconvenience or loss to the reach-and-apply defendant but will prevent irreparable injury to the plaintiffs, and would further the public interest;

4)    There is no adequate remedy at law;

5)    There is no known insurance available to satisfy the judgment the plaintiffs will obtain against defendant Conway; and

6)    The funds held by Bowdoin cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

WHEREFORE, plaintiffs move this Court to grant a preliminary injunction compelling the reach-and-apply defendant and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with it and those persons acting at its command who receive actual notices of a Preliminary Injunction order by personal service or otherwise, and each and every one of them, to refrain from secreting, concealing, destroying, damaging, selling,

transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to defendant Conway on account of sums that are due or will hereafter become due Conway from Bowdoin.  Plaintiffs further request that they be excused from posting a bond.

                    Respectfully submitted,

                    PAUL J. MCNALLY, as he is
                    TRUSTEE, MASSACHUSETTS
                    LABORERS' HEALTH AND WELFARE
                    FUND, et al,

                    By their attorneys,

                    /s/ Gregory A. Geiman
                    Anne R. Sills, Esquire
                    BBO #546576
                    Gregory A. Geiman, Esquire
                    BBO #655207
                    Segal, Roitman & Coleman
                    11 Beacon Street, Suite #500
                    Boston, MA  02108
                    (617) 742-0208

Dated:  May 5, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATION

     Counsel hereby certifies, in accordance with Rule 7.1(A)(2), that prior to filing Plaintiffs' Motion for Preliminary Injunction in this matter he spoke with Bowdoin Construction Corp.'s attorney John J. Gallagher, Esq. and the parties attempted in good faith to resolve or narrow the issue.

                    /s/ Gregory A. Geiman
                    Gregory A. Geiman, Esquire

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing Plaintiffs' Motion for Preliminary Injunction has been served by certified and first class mail upon the defendant, G. Conway, Inc. at P.O. Box #273, Charlestown, MA  02129 and by first class mail upon the reach-and-apply defendant, Bowdoin Construction Corp. by its attorney John J. Gallagher at the Law Offices of Warren H. Brodie, P.C., 40 Grove Street, Suite #220, Wellesley, MA  02482 this 5th day of May, 2005.

                    /s/ Gregory A. Geiman
                    Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 04-479/motpreinj.doc