# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,

    Plaintiffs

vs.

G. CONWAY, INC.,

    Defendant

and

BOWDOIN CONSTRUCTION CORP.,

    Reach-and-Apply Defendant

and

FLEET,

    Trustee

C.A. No. 05-10072 MEL

## AFFIDAVIT OF PHILIP MACKAY

1.    My name is Phil Mackay. I am the Collections Agent for the Massachusetts Laborers' Benefit Funds ("the Funds").

2.    On or about May 13, 1980, G. Conway, Inc. ("Conway") agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff

Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements.

3. Because of the short form agreement, Conway has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2004 through May, 2007 ("Agreement"). The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

4. In or about October, 2004, an auditor employed by the Funds conducted an audit of Conway's books and records. The Funds' auditor determined that Conway owed the Funds $70,749.97 in unpaid contributions for the period June through August, 2004, together with $1,361.89 in underpayments and interest on late paid contributions.

5. In response to these audit results, the Funds' attorney sent Conway a letter which requested that the audit balance and all additional contributions and interest be paid.

6. Conway has since paid down some of the contributions owed for the period June through August, 2004, but has concurrently amassed new contributions owed for the months of September through December, 2004.

7. As a result, Conway currently owes a total of $105,168.73 in unpaid fringe benefit contributions, plus an as yet unliquidated amount for the period January, 2005 through the present.

8. If the $105,168.73 in unpaid fringe benefit contributions owed by Conway is paid by May 31, 2005, the company will owe the Funds $3,989.60 in interest for all unpaid contributions.

9. I have calculated the liquidated damages due under the terms of Article XXI of the Collective Bargaining Agreement. That figure would be $21,033.75.

10. It has been brought to the Funds' attention that Conway worked as a subcontractor to Bowdoin on the construction of a Stop & Shop Supermarket in Revere, Massachusetts beginning in June, 2004.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 3rd DAY OF MAY, 2005.

Philip Mackay

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Affidavit has been served by certified and first class mail upon the defendant, G. Conway, Inc. at P.O. Box #273, Charlestown, MA 02129 and by first class mail upon the reach-and-apply defendant, Bowdoin Construction Corp. by its attorney John J. Gallagher at the Law Offices of Warren H. Brodie, P.C., 40 Grove Street, Suite #220, Wellesley, MA 02482 this 3rd day of May, 2005.

Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 04-479/affmackay.doc

3