UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL. J. McNALLY, TRUSTEE et als.<br><br>*Plaintiffs*,<br>v.<br><br>G. CONWAY, INC.,<br><br>*Defendant*,<br><br>and<br><br>BOWDOIN CONSTRUCTION CORP.,<br><br>*Reach-and-Apply Defendant*,<br><br>and<br>FLEET,<br><br>*Trustee*. | C.A. No. 05-10072 MEL |

### OPPOSITION OF REACH-AND-APPLY DEFENDANT, BOWDOIN CONSTRUCTION CORP., TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND STATEMENT OF REASONS IN SUPPORT

Pursuant to Rules 7 and 65 of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, the reach-and-apply defendant, Bowdoin Construction Corp. ("Bowdoin"), hereby opposes the plaintiff's motion for a preliminary injunction enjoining Bowdoin from making payments to or for the benefit of the defendant G. Conway, Inc. ("Conway"). As grounds for this opposition, Bowdoin states that:

(i) The allowance of the motion will result in irreparable harm to Bowdoin by preventing Bowdoin from performing its obligations under a general contract for the construction of the project for which Conway is acting as Bowdoin's subcontractor;

(ii) The allowance of the motion will result in irreparable harm to sub-subcontractors and suppliers to Conway who have earned funds which they will not receive;

(iii) The motion seeks an injunction without limitation as to amount which, if allowed, would result in the plaintiff's being over-secured resulting in further harm to Bowdoin; and

(iv) The plaintiff did not confer with Bowdoin to its attorneys and did not attempt in good faith to resolve or narrow the issue in violation of Local Rule 7.1(A)(2).

In support of this opposition, Bowdoin relies upon the Affidavit of Wayne M. Grenon and the Affidavit of John J. Gallagher, filed herewith.

I. **FACTUAL SUMMARY**

The following facts appear from the Affidavit of Wayne M. Grenon, Controller of Bowdoin:

Bowdoin is the general contractor for the construction of Super Stop & Shop Supermarket, Store #011, located in Revere, Massachusetts ("the Project") pursuant to a general contract between Bowdoin and Stop & Shop Supermarket Co. dated August 1, 2004. On March 25, 2004, Bowdoin entered into a

subcontract with Conway for the exterior sitework portion of the project for the subcontract price of $2,775,800.00. On October 12, 2004, Bowdoin entered into a second subcontract with Conway, for the interior sitework portion of the Project, for the subcontract price of $591,494. The work of the subcontracts is not complete.

The work being performed by Conway on the Project is actually being performed by numerous sub-subcontractors and material suppliers to Conway. According to a Conway document captioned "Aging & Cash Projection Report" dated May 4, 2005, Conway owes its sub-subcontractors and suppliers relative to the Project, not including the plaintiffs, the sum of $425,871.62. The Contract Balances Remaining under the Conway subcontracts are in the total amount of $508,318.08. If Conway pays its sub-subcontractors and suppliers the amounts owed of $425,871.62, there will be $82,446.06 in Contract balances left to be paid. The cost to complete Conway's remaining work on the Project is in excess of that amount. There is not enough remaining to be paid to Conway under the two subcontracts to pay Conway's existing creditors on the project and to pay for the completion of the Project.

If Bowdoin is unable to make payment to Conway or to Conway's sub-subcontractors and suppliers, there is a likelihood that they will cease performing work on the Project which will disrupt Bowdoin's performance of its obligations to Stop & Shop. If Bowdoin is unable to properly and timely perform the

obligations of its general contract, Stop & Shop has the right to terminate Bowdoin's general contract.

According to a letter dated May 9, 2005 from Don Christy, Field Auditor of the Massachusetts Laborers' Benefit Funds to Conway, Conway owes the plaintiffs is $75,523.48. Of that amount, only $10,630.40 relates to the Stop & Shop Project. The balance of the amount sought by the plaintiffs of $64,893.08 has nothing to do with the Stop & Shop Project or Bowdoin.

The following facts appear from the Affidavit of John J. Gallagher:

On April 29, 2005, Attorney John J. Gallagher of Law Offices of Warren H. Brodie, P.C., attorneys for Bowdoin, had a telephone conversation with Attorney Gregory Geiman, representing the plaintiffs. The telephone call was made by Attorney Gallagher to Attorney Geiman. The sole purpose of the call was to inquire whether the plaintiffs in this action had already obtained an injunction, as the complaint contains a prayer for relief seeking an injunction. At no time during the telephone conversation did Attorney Geiman discuss the filing of a motion to obtain an injunction or the issues that would be raised thereby, nor did he disclose the plaintiffs' intention to file such a motion, nor did Attorney Geiman discuss the narrowing of any issues relating to the motion, e.g., the amount of the injunction.

## II. ARGUMENT

### A. There is a Risk of Irreparable Damage to Bowdoin if the Preliminary Injunction is Allowed

If the preliminary injunction is allowed as prayed for, Bowdoin will not be allowed to make further payments to Conway. Conway and its sub-subcontractors and suppliers, who are owed amounts well in excess of what the plaintiffs are claiming, are likely to cease performing work on the Project. That will likely lead to the termination of Bowdoin's general contract with Stop & Shop.

B. <u>The Issuance of a Preliminary Injunction Would Be Inequitable</u>

The plaintiffs are owed a total of $75,523.48. Of that amount, only $10,630.40 relates to the Stop & Shop Project. Allowing the plaintiffs to freeze any amounts over the $10,630.40 that relates to the Project and to Bowdoin will have the result that sub-subcontractors and suppliers on the Project will not receive payment of funds generated by the Project. That would probably be in derogation of their mechanic's lien rights.

C. <u>The Plaintiff's Filed to Comply with the Requirements of L.R. 7.1</u>

Local Rule 7.1(A)(2) states that "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." The parties have not so conferred, other than one telephone conference initiated by counsel for Bowdoin who was merely trying to determine whether the plaintiffs had already obtained injunctive relief. There was no conferring as to the resolution or narrowing of the issues raised by the plaintiffs' motion. The motion is therefore not ripe for the court's determination.

For the foregoing reasons, the reach-and-apply defendant, Bowdoin Construction Corp., respectfully requests the Court to deny the plaintiffs' motion for preliminary injunction.

For the reach-and-apply defendant,
Bowdoin Construction Corp.,
By its attorneys,
Law Offices of Warren H. Brodie, P.C.,

By: /s/ Warren H. Brodie
WARREN H. BRODIE
40 Grove Street
Wellesley, MA 02482
(781) 235-1100
BBO# 058000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all attorneys of record by delivering same by Federal Express Overnight Delivery, on May 18, 2005 to

Gregory A. Geiman, Esq.
Anne R. Sills, Esq.
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA 02108

/s/ Warren H. Brodie
WARREN H. BRODIE

6