UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
        Plaintiffs

vs.

G. CONWAY, INC.,
        Defendant

and

BOWDOIN CONSTRUCTION CORP.,
        Reach-and-Apply Defendant

and

FLEET,
        Trustee

C.A. No. 05-10072 MEL

**MEMORANDUM IN SUPPORT OF MOTION FOR
ATTACHMENT OF PERSONAL PROPERTY OF DEFENDANT**

    This is an action to enforce the terms of a collective bargaining agreement and the terms of employee benefit plans.

    Pursuant to Rule 64, Fed.R.Civ.P., M.G.L. c. 223, and Rule 4.1 Mass.R.Civ.P., Plaintiffs Paul J. McNally, as he is Trustee, Massachusetts Laborers' Health and Welfare Fund, et al, are entitled to an attachment of the Defendant's personal property if they can demonstrate that they

are reasonably likely to recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the Defendant to be available to satisfy the judgment.  See International Ass'n of Bridge, Structural and Ornamental Iron Workers, Shopmen's Local Union 501 v. Burtman Iron Works, Inc., 164 F.R.D. 305, 306 (D.Mass. 1995).  For the reasons stated below, Plaintiffs have satisfied the requirements for an Order of Attachment of the personal property of Defendant G. Conway, Inc. ("G. Conway").  Specifically, Plaintiffs seek the attachment of the following property, owned by the company and utilized for business purposes:

Motor Vehicles

1. 2002 Ford F450 (license # MA J49341)
2. 2001 Ford F150 (license # MA H98600)
3. 2001 Ford F150 (license # MA J24826)
4. 2000 Ford Explorer (license # MA 977MLM)
5. 2000 Ford F150 (license # MA 475CYW)
6. 1999 Ford F150 (license # MA G89271)

See Affidavit of Anne R. Sills ("Sills Aff."), par. 3.

I. **PLAINTIFFS HAVE DEMONSTRATED A REASONABLE LIKELIHOOD OF PREVAILING ON THE MERITS OF THEIR CLAIMS AGAINST THE DEFENDANT.**

On or about May 13, 1980, Conway agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements.  See Affidavit of Philip Mackay ("Mackay Aff."), par. 2.  A copy of Conway's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A.  Because of the short form agreement, Conway has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2004 through May, 2007 ("Agreement").  Mackay Aff., par. 3.  The Agreement, like its predecessor agreements, requires

employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Mackay Aff., par. 4. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe. Mackay Aff., par. 5.

On or about October 14, 2004, an auditor employed by Plaintiff Funds conducted an audit of Conway's books and records for the period May, 2003 through August, 2004. The Funds' auditor determined that Conway owed the Funds $70,749.97 in unpaid contributions for the period June through August, 2004, together with $1,361.89 in underpayments and interest on late paid contributions. Mackay Aff., par. 6. Thereafter, on or about February 2, 2005, the Funds' auditor conducted an audit for the period September through December, 2004, and determined that Conway owed an additional $72,418.76 in unpaid contributions for that period. Mackay Aff., par. 7. Finally, on or about May 5, 2005, the Funds' auditor conducted an audit for the period January through April, 2005, and determined that Conway owed an additional $24,212.85 in unpaid contributions for that period. Mackay Aff., par. 8.

Of the total $167,381.58 in contributions found to be due and owing for the period June, 2004 through April, 2005, Conway remitted $96,133.82, which left an audit balance of $71,247.76. Mackay Aff., par. 9. Bowdoin Construction Corp., a general contractor for which Conway worked between August, 2004 and April, 2005 on two separate projects, agreed to pay contributions owed for work done by Laborers on those projects, in the amount of $28,622.55. Mackay Aff., par. 10. After Bowdoin Construction Corp.'s payment, there is an audit balance, through April, 2005, of $42,625.21. Mackay Aff., par. 11. Further, Conway has failed and refused to provide any contributions or remittance reports owed for the months of May, 2005 to the present; the company is obligated to supply remittance reports under the terms of the

collective bargaining agreement to which it is signatory. Mackay Aff., par. 12. As such, Conway owes a potentially sizeable unliquidated delinquency for the period May, 2005 to the present on top of its already-liquidated delinquency of $42,625.21 for the period June, 2004 through April, 2005.

II. **PLAINTIFFS ARE LIKELY TO RECOVER AN AMOUNT GREATER THAN THE AMOUNT OF THE ATTACHMENT THEY SEEK.**

Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132, provides that in any action brought to enforce §1145 of ERISA, the Court shall award the Plan the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the Plan, reasonable attorneys' fees and costs, and such other legal or equitable action as the Court deems appropriate. If the $42,625.21 in unpaid fringe benefit contributions owed by Conway is paid by the end of October, 2005, the company will owe the Funds $4,688.10 in interest thereon. Mackay Aff., par. 13. Liquidated damages of at least $8,525.04 are also due under the terms of the collective bargaining agreement. Mackay Aff., par. 14. Finally, Conway owes at least $8,380.00 in attorney's fees and $960.07 in costs. Sills Aff., par. 2.

Thus, in total, the evidence is sufficient to find that Conway is liable for $42,625.21 in unpaid contributions through April, 2005, $4,688.10 in interest on unpaid contributions, $8,525.04 in liquidated damages, and $9,340.07 in attorneys' fees and costs, for a total of $65,178.42. The motor vehicles that Plaintiffs seek to attach have an estimated combined value of $55,585.00. Kelley Blue Book Private Party Report, *available at* http://www.kbb.com (August 19, 2005).

### III. DEFENDANT HAS INSUFFICIENT INSURANCE TO COVER PLAINTIFFS' CLAIMS.

As this is a contract claim, insurance would generally not be available to the Defendant and an attachment of Conway's property is therefore allowable. In any event, the burden is on the Defendant to show the existence of liability insurance to satisfy a prospective judgment. Johnson v. Harris, 1991 WL 226331, *2 (D.Mass. 1991).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court allow their Motion for Attachment of Personal Property of the Defendant.

Respectfully submitted,

PAUL J. McNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated: October 28, 2005

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above Plaintiffs' Memorandum in Support of Motion for Attachment of Personal Property of Defendant has been served by first class mail upon Defendant G. Conway, Inc. by its attorney, Steven B. Rosenthal, Esquire, 15 Broad Street, Boston, Massachusetts 02109 this 28th day of October, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 04-479/memoattach-persprop.doc