UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,<br>                    Plaintiffs<br><br>                vs.<br><br>G. CONWAY, INC.,<br>                    Defendant<br><br>                and<br><br>BOWDOIN CONSTRUCTION CORP.,<br>                    Reach-and-Apply Defendant<br><br>                and<br><br>FLEET,<br>                    Trustee | C.A. No. 05-10072 MEL |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant G. Conway, Inc. (hereinafter "Conway") is a Massachusetts corporation that has defaulted. This action has been brought pursuant to §502(a)(3) and §515 of

the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction over this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

A Notice of Default was issued by the Clerk on December 9, 2005. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding Defendant liable for $140,182.26, representing contributions owed to the Funds for the period from June, 2004 through September, 2005, together with interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs.

## **FACTS**

On or about May 13, 1980, Conway agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements. See Affidavit of Philip M. Mackay ("Mackay Aff."), par. 2. A copy of Conway's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A. Because of the short form agreement, Conway has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2004 through May, 2007 ("Agreement"). Mackay Aff., par. 3. The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Mackay Aff., par. 4. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe. Mackay Aff., par. 5.

On or about October 14, 2004, an auditor employed by Plaintiff Funds conducted an audit of Conway's books and records for the period May, 2003 through August, 2004. The Funds' auditor determined that Conway owed the Funds $70,749.97 in unpaid contributions for the period June through August, 2004, together with $1,361.89 in underpayments and interest on late paid contributions. Mackay Aff., par. 6. Thereafter, on or about February 2, 2005, the Funds' auditor conducted an audit for the period September through December, 2004, and determined that Conway owed an additional $72,418.76 in unpaid contributions for that period. Mackay Aff., par. 7. Finally, on or about May 5, 2005, the Funds' auditor conducted an audit for the period January through April, 2005, and determined that Conway owed an additional $24,212.85 in unpaid contributions for that period. Mackay Aff., par. 8.

Of the total $167,381.58 in contributions found to be due and owing for the period June, 2004 through April, 2005, Conway remitted $96,133.82, which left an audit balance of $71,247.76. Mackay Aff., par. 9. Bowdoin Construction Corp., a general contractor for which Conway worked between August, 2004 and April, 2005 on two separate projects, agreed to pay contributions owed for work done by Laborers on those projects, in the amount of $28,622.55. Mackay Aff., par. 10. After Bowdoin Construction Corp.'s payment, there is an audit balance, through April, 2005, of $42,625.21. Mackay Aff., par. 11. Conway recently submitted remittance reports for the months of May through September, 2005, which demonstrate that contributions totaling $46,237.06 are due for that period of time. Mackay Aff., par. 12. As such, Conway owes a total of $88,862.27 in contributions for the period June, 2004 through September, 2005. Mackay Aff., par. 13.

## **ARGUMENT**

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, Plaintiffs' claim is for a sum certain. Plaintiffs have audited defendant Conway's records and, based upon the results of that audit and subsequent remittance reports submitted by the Defendant, have ascertained that Conway currently owes the Funds $88,862.27 in unpaid fringe benefit contributions due under the Agreement through September, 2005. Mackay Aff., par. 13. Further, prejudgment interest on the unpaid contributions is mandated by ERISA, 29 U.S.C. §1132(g) (2) (B). As such, the Funds have ascertained that, pursuant to the terms of the Agreement, Conway would owe $17,773.36 in interest on the unpaid contributions if those contributions were paid by the end of December, 2005. Mackay Aff., par. 14. Conway owes an additional $5,252.59 in interest on previously late paid contributions. Mackay Aff., par. 15.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20% of the unpaid contributions (or such higher percentage as may be permitted under Federal or state law) or in an amount equal to interest on the unpaid contribution, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii). In the instant case, the Agreement provides for liquidated damages in the amount of 20% of the unpaid contributions. Twenty percent of the $88,862.27 owed by defendant Conway is $17,772.45. Attorneys' fees and costs are also mandated by ERISA. 29 U.S.C. §1132(g) (2)(D). Attorneys' fees and costs of this action are $10,521.59. See Affidavit of Anne R. Sills. These figures demonstrate that plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor incompetent person. Defendant is also not in the military service. See Affidavit of Thomas P.V. Masiello.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that their Motion for Entry of Default Judgment be granted, and that judgment enter against Defendant G. Conway, Inc. in the amount of $140,182.26, representing unpaid contributions due through September, 2005, interest due on the unpaid contributions, liquidated damages, and attorneys' fees and costs of this action.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: December 23, 2005

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above document has been served by first class mail upon the Defendant, G. Conway, Inc. by its attorney, Steven B. Rosenthal, Esquire, 15 Broad Street, Boston, Massachusetts 02109 this 23rd day of December, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 04-479/memo-supmot-dfltjdg.doc