# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,

   Plaintiffs

vs.

G. CONWAY, INC.,

   Defendant

and

BOWDOIN CONSTRUCTION CORP.,

   Reach-and-Apply Defendant

and

FLEET,

   Trustee

C.A. No. 05-10072 MEL

## AFFIDAVIT OF PHILIP M. MACKAY IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

1. My name is Philip M. Mackay. I am the Collections Agent for the Massachusetts Laborers' Benefit Funds ("the Funds"). In my capacity as Collections Agent, I review the audits of and payments by contractors that are bound by their collective bargaining agreements with the Massachusetts Laborers' District Council to make contributions to the Funds for their laborer employees.

2. On or about May 13, 1980, Defendant G. Conway, Inc. ("Conway") agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of Conway's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A.

3. Because of the short form agreement, Conway has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2004 through May, 2007 ("Agreement").

4. The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked.

5. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

6. On or about October 14, 2004, an auditor employed by Plaintiff Funds conducted an audit of Conway's books and records for the period May, 2003 through August, 2004. The Funds' auditor determined that Conway owed the Funds $70,749.97 in unpaid contributions for the period June through August, 2004, together with $1,361.89 in underpayments and interest on late paid contributions.

7. Thereafter, on or about February 2, 2005, the Funds' auditor conducted an audit for the period September through December, 2004, and determined that Conway owed an additional $72,418.76 in unpaid contributions for that period.

8.  Finally, on or about May 5, 2005, the Funds' auditor conducted an audit for the period January through April, 2005, and determined that Conway owed an additional $24,212.85 in unpaid contributions for that period.

9.  Of the total $167,381.58 in contributions found to be due and owing for the period June, 2004 through April, 2005, Conway remitted $96,133.82, which left an audit balance of $71,247.76.

10. Bowdoin Construction Corp., a general contractor for which Conway worked between August, 2004 and April, 2005 on two separate projects, agreed to pay contributions owed for work done by Laborers on those projects, in the amount of $28,622.55.

11. After Bowdoin Construction Corp.'s payment, there is an audit balance, through April, 2005, of $42,625.21.

12. Conway recently submitted remittance reports for the months of May through September, 2005, which demonstrate that contributions totaling $46,237.06 are due for that period of time.

13. As such, Conway owes a total of $88,862.27 in contributions for the period June, 2004 through September, 2005.

14. Conway would owe $17,773.36 in interest on the unpaid contributions if those contributions were paid by the end of December, 2005.

3

15. Conway owes an additional $5,252.59 in interest on previously late paid contributions.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 23rd DAY OF DECEMBER, 2005.

Philip M. Mackay

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above Affidavit has been served by first class mail upon the Defendant, G. Conway, Inc. by its attorney, Steven B. Rosenthal at 15 Broad Street, Boston, MA 02109 this 23rd day of December, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gagkn
ARS 6306 04-479/affmackay3.doc

4